IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GARY WAYNE LOWE, #470610 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1083 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Gary Wayne Lowe, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation concluding that the petition should be denied. Mr. Lowe has filed objections.

Mr. Lowe brings this petition for a writ of habeas corpus concerning parole issues. He claims that the Texas Board of Pardons and Paroles violated his rights by rescinding his parole eligibility date and by improperly withdrawing his parole eligibility date. He argues that the Parole Board violated his rights under the Due Process Clause of the Fourteenth Amendment.

Judge Mitchell initially found that Mr. Lowe's petition is noncognizable. In his objections, Mr. Lowe reurges his claim that the Texas Board of Pardons and Paroles denied him due process by rescinding his parole eligibility date and by improperly withdrawing his parole eligibility date. The Fifth Circuit has examined the language of the Texas parole statutes on a regular basis and has concluded that it does not create a presumption of entitlement to release on

1

parole after the accrual of a minimum time of incarceration. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854 (1981); *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). "It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (citations omitted). Mr. Lowe's objections lack merit, and the petition can be dismissed solely on the basis that his claims are non-cognizable.

Judge Mitchell also found that the petition is time-barred. Mr. Lowe was denied parole on October 18, 2004. He was clearly aware of how the Parole Board was treating his sentences at that time; thus, his petition was due no later than October 18, 2005. *See* 28 U.S.C. § 2244(d)(1)(D) (The one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). The present petition was not filed until July 29, 2016. Mr. Lowe does not address the statute of limitations issue in his objections; thus, it is waived. The petition is time-barred.

Judge Mitchell also noted that Mr. Lowe previously filed a petition for a writ of habeas corpus about parole issues, which was dismissed as time-barred. *Lowe v. Director, TDCJ-CID*, Civil Action No. 2:12cv394 (E.D. Tex. Sept, 14, 2013). To the extent that Mr. Lowe could have presented his claims about parole issues in Civil Action No. 2:12cv394, the present

2

petition is a second or successive petition, and this court lacks jurisdiction to consider it since he did not have permission from the Fifth Circuit to file it. *See Crone v. Cockrell*, 324 F.3d 833 (5th Cir. 2003). In his objections, Mr. Lowe notes that the Fifth Circuit found that he did not need permission to file a successive petition about parole matters that occurred after he filed his previous § 2254 applications about parole matters in 2001 and 2012. *In re: Lowe*, No. 15-40884 (5th Cir. Oct. 29, 2015). The findings of the Fifth Circuit and Judge Mitchell are not in conflict. Mr. Lowe does not need permission to file another petition about parole matters that occurred after he filed his previous petitions regarding parole matters; nonetheless, the dispositive factor still remains the same. "It is [] axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson*, 110 F.3d at 308.

Mr. Lowe's second objection concerns exhaustion of state habeas corpus remedies, but there has been no recommendation to dismiss the petition for failure to exhaust. The issue of exhaustion is not before the court. His third objection concerns the recommendation to deny him a certificate of appealability, but he has not shown a basis for being given a certificate of appealability. His objections once again focused on being denied due process regarding being released on parole, however, he does not have a basis for a meritorious petition for a writ of habeas corpus on such grounds.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Lowe to the Report, the court is of

3

the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Lowe's objections are without merit. Therefore, the findings and conclusions of the Magistrate Judge are adopted as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **18** day of **April, 2017.**

_____
Ron Clark, United States District Judge